William NANCE, Plaintiff–Appellant,

v.

Javier CASAS, et al.,* Defendants–Appellees.

No. 03–2101.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 18, 2003.**

Decided Nov. 18, 2003.

William Nance, pro se, Pendleton, IN, for Plaintiff–Appellant.

John O. Feighner, Haller & Colvin, Milford M. Miller, Miller, Carson, Boxberger & Murphy, Fort Wayne, IN, for Defendants–Appellees.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

---

* Deputy Javier Casas is misidentified in the complaint as "Deputy Kausa" and in the district court judgment as "Deputy Casa."

** After an examination of the briefs and the record, we have concluded that oral argu-

### ORDER

William Nance was an inmate at the Allen County Jail from December 1999 until August 2000. During these eight months, Nance filed over thirty requests seeking medical treatment for a wide variety of ailments. In this action under 42 U.S.C. § 1983, he claims that prison personnel deliberately failed to provide him with adequate care, in violation of the Eighth and Fourteenth Amendments. The district court granted summary judgment in favor of the defendants and Nance appeals. We affirm.

When Nance arrived at the jail, he completed a medical screening evaluation. At the evaluation he reported that he suffered from arthritis and back problems, that he was in the process of receiving mental health treatment, and that he was taking three different medications. Over the next eight months, Nance filed complaints reporting other problems including migraines, constipation, rectal bleeding, an infected leg, a swollen hand, and various issues with his vision, teeth, ears, and tongue. He also filed a number of complaints with the prison saying that he was not receiving the proper medication. When he filed this suit, Nance added diabetes to his list of ailments.

On appeal Nance argues that the district court erred in granting summary judgment because his medical conditions are serious and prison officials disregarded his need for treatment. Nance is inconsistent in naming the conditions for which he says he was denied adequate treatment. At times he lists hypertension, depression, rectal bleeding, and diabetes among his complaints, but his brief focuses largely on

---

ment is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

treatment for his back and joint problems, which he says caused him significant pain and made it difficult for him to climb stairs.

Prison officials violate an inmate's Eighth Amendment rights if they are deliberately indifferent to his medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The prisoner must demonstrate both that he suffered from an objectively serious medical condition and that prison officials subjectively acted with deliberate indifference to his needs. *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir.2002). The objective element is satisfied if the prisoner has a condition that has been diagnosed by a doctor as requiring treatment or one that is so obvious that even a lay person would realize that treatment is necessary. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir.1997). The subjective element then requires him to prove that officials were aware of a significant risk to his health or safety and that they disregarded that risk in acting or failing to act. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir.2002). Mere negligence or an inadvertent failure to provide care does not establish a claim under § 1983. *Id.*

Even assuming that his back and joint pain constitutes an objectively serious medical condition, Nance cannot establish that prison officials acted with deliberate indifference. During the eight months in question, Nance was treated by medical personnel 21 times both at the jail and at a nearby hospital, and it appears that many of these visits were related to his back pain and arthritis. He was given a wide array of medications for his pain and was regularly admitted to sick call when he requested treatment. Nance says his pain was worsened because he had to sleep on the floor, but he never explains the circumstances behind this arrangement—including what role, if any, prison officials played—or how sleeping on the floor exacerbated his pain. The only mention he made to the prison about the arrangement was in March 2000, when he asked to be moved to a different cell block because "on the floor sleeping and climbing stairs for my meals aren't a joke." The prison responded within a week by offering to move Nance to a ground-floor cell. Although the record does not establish what sleeping arrangements were available in that new cell, a location on the ground floor would seemingly have relieved Nance of the discomfort he experienced from climbing stairs. But Nance refused the transfer without any explanation.

Nance also received prompt responses to the other ailments he reported to the prison. When he reported problems with his vision, he received new glasses. When he said that he was experiencing rectal bleeding, he was sent to a hospital for a colonoscopy, which revealed no serious problems. He twice asked to have his blood pressure checked and was taken to sick call to be tested both times. He reported problems with his mental health and was given medication. He was also admitted to sick call several other times for a variety of different ailments. At no time did he report to the prison that he suffered from diabetes or hypertension. Far from showing deliberate indifference to his medical needs, prison officials provided Nance with prompt and adequate treatment.

AFFIRMED.